DORICE LUCEY et al., Respondents, v. HARRY HARSTEDT, Defendant, and VAN WAGENEN & SCHICKHAUS COMPANY, Appellant.— Action to recover damages for trichinosis suffered by respondent Dorice Lucey as the result of eating fresh pork purchased by her from the retailer, Harstedt, who bought the pork from the appellant, and by her husband, respondent Timothy J. Lucey, for medical expenses and loss of services. Judgment in favor of the respondents reversed on the law, with costs, and the complaint dismissed on the law, with costs. The record fails to disclose any proof of common-law negligence or any violation of the Agriculture and Markets Law, as amended. (*Blume* v. *Trunz Pork Stores,* 269 App. Div. 1059; *Dressler* v. *Merkel, Inc.,* 247 App. Div. 300, affd. 272 N. Y. 574.) The findings of fact implicit in the verdict of the jury are affirmed. Lewis, P. J., Hagarty, Carswell, Aldrich and Nolan, JJ., concur.

EDWARD A. MESICK, JR., an Infant, by His Guardian ad Litem, EDWARD A. MESICK, et al., Respondents, v. IRWIN S. POLK et al., Doing Business under the Name of "POLK'S MODEL CRAFT HOBBIES", Appellants, et al., Defendants. — Order denying appellants' motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell and Johnston, JJ., concur; Hagarty and Adel, JJ., dissent and vote to reverse the order and to grant the motion, with the following memorandum: The complaint alleges that appellants, wholesale toy distributors, purchased from the manufacturer certain metal cylinders filled with carbon dioxide gas under pressure, and sold them to a retail toy dealer, who in turn sold one such cylinder to the infant plaintiff; that appellants knew or should have known that children purchased and used such cylinders for propelling miniature airplanes by release of the gas therein, but failed to give notice or warning that the cylinders would or might explode upon being subjected to heat. The allegations of the complaint, treated as facts, do not show that appellants were in the status of anything other than mere vendors, or that they owed the duty of reasonable care to respondents, with whom they had no contractual relations. And this is so whether or not the cylinders be regarded as having inherently dangerous characteristics. (*Comrs. State Insurance Fund* v. *City Chemical Corp.,* 290 N. Y. 64, 69.) There is no allegation of facts showing any defect in the construction of the cylinder causally connected with the injuries, and for the existence of which appellants would be liable to respondents. The complaint does not state a cause of action against appellants. [See *post,* p. 936.]